IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL LASHON GLANTON, *et al.*, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-mc-4037-ECM |
| | ) | [WO] |
| BANKRUPTCY ADMINISTRATOR, | ) | |
| | ) | |
| Trustee. | ) | |

**O R D E R**

On March 15, 2025, Darrell Lashon Glanton and Joy Marie Hall (collectively, "Debtors") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama ("Bankruptcy Court"), Case No. 25-10278. Now pending before the Court are the Debtors' motion to withdraw the reference (doc. 1) and motion for a temporary restraining order (doc. 2). The motions are ripe for resolution. For the following reasons, the Debtors' motion to withdraw the reference is due to be denied, and the motion for a temporary restraining order is due to be denied as moot.

Pursuant to 28 U.S.C. § 1334(a), district courts have original jurisdiction over all cases arising under Title 11 of the United States Code (the Bankruptcy Code). *See In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 537 (11th Cir. 1991). But district courts may refer Title 11 cases to bankruptcy courts pursuant to 28 U.S.C. § 157(a). On April 25, 1985, the United States District Court for the Middle District of Alabama entered a General Order of Reference which referred all cases filed under Title 11 within the Middle District of Alabama to the Bankruptcy Court. *See* https://www.almd.uscourts.gov/general-

orders/general-order-re-bankruptcy-matters (last visited Apr. 25, 2025). Pursuant to § 157(d), a party who believes that his case should be heard in district court "may petition the district court to 'withdraw the reference' and relieve the bankruptcy court of jurisdiction." *In re Childs*, 342 B.R. 823, 826 (M.D. Ala. 2006) (citing 28 U.S.C. § 157(d)).[1] "A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) must be heard by a district judge." FED. R. BANKR. P. 5011(a). Section 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute thus contemplates two types of withdrawal: mandatory and permissive. Withdrawal is mandatory if the district court determines that the proceeding requires consideration of both the Bankruptcy Code and non-Bankruptcy Code federal law. *See id.* ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."). Courts offer two interpretations of § 157(d)'s mandatory withdrawal provision. The majority of courts, including district courts within the Eleventh Circuit, have concluded that withdrawal of the reference is mandatory "where *substantial and*

---

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

*material* consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (emphasis added) (citation omitted); *In re TPI Int'l Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998); *In re Am. Body Armor & Equip., Inc.*, 155 B.R. 588, 590 (M.D. Fla. 1993). Under this approach, withdrawal of the reference is required if the proceeding necessitates "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). A minority of courts read § 157(d)'s mandatory withdrawal provision narrowly, concluding that withdrawal is required if the proceeding requires resolution of both the Bankruptcy Code and non-Bankruptcy Code federal law, regardless of whether the non-Bankruptcy Code federal issues are substantial and material. *See In re Kiefer*, 276 B.R. 196, 202 (E.D. Mich. 2002).

Here, the Debtors request that this Court withdraw the reference because the Bankruptcy Court lacks Article III jurisdiction. While the Debtors are correct that the Bankruptcy Court is not an Article III court, they do not identify, and the Court fails to discern, any non-Bankruptcy Code federal statutes that need to be resolved in this proceeding. Thus, withdrawal of the reference is not mandatory even under the minority view's narrow construction of § 157(d). The Court will now consider permissive withdrawal.

Section 157(d) permits withdrawal of the reference "for cause shown." While the statute does not define "cause," the Eleventh Circuit has explained that it "is not an empty requirement." *In re Parklane*, 927 F.2d at 536. To determine whether "cause" exists,

district courts should consider goals such as (1) "advancing uniformity in bankruptcy administration," (2) "decreasing forum shopping and confusion," (3) promoting the efficient use of the parties' resources, and (4) "facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane*, 927 F.3d at 535 n.5). Some courts also consider (1) whether the claim is core or non-core,[2] (2) the efficient use of judicial resources, (3) the existence of a jury demand, and (4) preventing delay. *See In re Childs*, 342 B.R. at 827; *Palmer v. Brownstein Corp.*, 2021 WL 6883427, at *2 (M.D. Ala. Apr. 12, 2021).

After carefully reviewing the Debtors' motion to withdraw (doc. 1) and the Bankruptcy Administrator's response (doc. 5), the Court concludes that the Debtors' have not established sufficient cause to justify withdrawal of the reference. The Debtors appear to argue that their creditors have committed fraud by, for example, "[f]ailing to disclose Borrower-in-Custody collateral status" and "[m]isrepresenting equity interests as enforceable obligations." (Doc. 1 at 3). But these concerns are within the Bankruptcy Court's purview and can be addressed in the ordinary course of bankruptcy proceedings. The Debtors fail to show that withdrawal of the reference under the circumstances of this case would advance uniformity in bankruptcy administration, decrease forum shopping and confusion, promote the efficient use of party or court resources, facilitate the bankruptcy

---

[2] Core proceedings "are those that 'involve [ ] a right created by the federal bankruptcy law' or that 'would arise only in bankruptcy,' such as 'the filing of a proof of claim or an objection to the discharge of a particular debt.'" *Wortley v. Bakst*, 844 F.3d 1313, 1319 (11th Cir. 2017) (alteration in original) (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999)). If the action "stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process," then it is a core proceeding over which the bankruptcy court has "full and final adjudicatory authority." *Id.* (quoting *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1190 (11th Cir. 2015)).

process, or prevent delay.  Considering the relevant factors, the Court finds that permissive

withdrawal is not appropriate.

The Debtors separately moved this Court for a temporary restraining order enjoining

further proceedings in the Bankruptcy Court, raising arguments similar to those raised in

the motion to withdraw the reference.  Because the Court has concluded that it will not

withdraw the reference, the Debtors' request for a temporary restraining order is moot.

Accordingly, for the reasons stated, it is

ORDERED that the Debtors' motion to withdraw the reference (doc. 1) is DENIED.

It is further

ORDERED that the Debtors' motion for a temporary restraining order (doc. 2) is

DENIED as moot.

The Clerk of the Court is DIRECTED to close this case.

DONE this 30th day of April, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE